

# The Attorney General of Texas

September 28, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Leonard Prewitt
Executive Secretary
Teacher Retirement System of Texas
1001 Trinity Street
Austin, Texas 78701

Opinion No. H-1249

Re: Whether local school districts are permitted to pay the required employee contribution to the Teacher Retirement System.

Dear Mr. Prewitt:

You have requested our opinion regarding whether a local school district may pay the required employee contribution to the Teacher Retirement System. You state that a recent ruling indicates the intention of the Internal Revenue Service to exclude from gross income any portion of a teacher's contribution to a state pension plan which is "picked up" by the school district.

Section 3.57(b) of the Education Code requires that every employer

> shall deduct from the salary of each member [of the Teacher Retirement System] 6.65 percent of his compensation for each payroll period.

In our opinion, this provision clearly means that the member is liable for payment of his own contribution. Other portions of section 3.57 support this view:

> (c) These deductions shall be made although they reduce a member's minimum compensation provided by law. Every member shall be deemed to consent to the deductions made and the payment of his compensation, less said deductions, shall constitute a complete release of all claims, except for benefits provided under this chapter for service rendered by him during the payment period.
>
> . . . .

p. 4963

(g) If deductions which should have been made from any member's salary were not in fact made, the member must pay these deductions, plus a five percent per annum fee on the unpaid amount from the end of the school year such deductions were due until the date of payment, on terms prescribed by the State Board of Trustees. . . .

The Legislature has unequivocally expressed its intent that the member himself make the required contribution. As a result, we do not believe the statute can be construed to permit an employer to assume that burden. We express no opinion as to the validity or effect under the tax ruling of a proposal by which a district would reimburse an employee for the deduction required by section 3.57(b).

### SUMMARY

A local school district may not pay the required employee contribution to the Teacher Retirement System.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn